IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE JUSTIN ALLEN MAHONE, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) CASE NO. 1:25-cv-127-RAH-CWB <br> ) |
| WAYNE SANDERSON FARMS, LLC, | ) <br> ) <br> ) |
| Defendant. | ) |

**<u>ORDER</u>**

Andre Justin Allen Mahone filed this lawsuit against Wayne Sanderson Farms, LLC (WSF) asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA"), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO"), and 42 U.S.C. § 1983. All of Plaintiff's claims center upon his employment with WSF between 2018 and 2022 and his attempt to get rehired in July 2024. Specifically, Plaintiff alleges that he faced discrimination, retaliation, and termination during his time working for WSF.

After WSF moved to dismiss, the Magistrate Judge issued a Recommendation (doc. 36) on September 22, 2025, that the motion be granted. Plaintiff subsequently filed a timely objection, (doc. 38), WSF then filed a response, (doc. 41), and Plaintiff filed a reply to the response. (Doc. 42.) The Recommendation is now ripe for review.

When a party objects to a magistrate judge's recommendation, the district court must review the disputed portions *de novo. See* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive

further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *See Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States v. Gopie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to a magistrate judge's recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a recommendation is reviewed for clear error. *See id*. And when a party chooses to raise an argument for the first time at the objection phase, rather than allowing the magistrate judge to consider it for report and recommendation, it is within the district court's discretion to consider those arguments. *See Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also United States v. Holstick*, 810 F. App'x 732, 735 (11th Cir. 2020) (discussing a district court's broad discretion whether to consider an argument first raised at the objection phase and after the magistrate judge submitted the report and recommendation).

To begin, Plaintiff objects to the Magistrate Judge's Recommendation to dismiss his Title VII retaliation claim. In his Amended Complaint (doc. 19), Plaintiff alleges that as a result of engaging in protected activity during his employment with WSF between 2018 and 2022, he was denied rehire in July 2024. "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." *McMillian v. Postmaster Gen., U.S. Postal Serv.*, 634 F. App'x 274, 277 (11th Cir. 2015) (quoting *Pennington v. City of Huntsville,* 261 F.3d 1262, 1266 (11th Cir. 2001)).

While Plaintiff correctly points out that causation is not always synonymous with timing, Plaintiff has alleged no other conduct evidencing a retaliatory motive in WSF's actions. As such, the only factual allegations Plaintiff has given to suggest

2

retaliation is the temporal proximity between his alleged protected activity and WSF's actions. In such a case, "mere temporal proximity, without more, must be 'very close.'" *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (quoting *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). As a result, "in the absence of other evidence tending to show causation, if there is a substantial delay between the protected expression and the adverse action, the complaint of retaliation fails as a matter of law." *Thomas*, 506 F.3d at 1364 (citing *Wascura v. City of South Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001)).

Here, the protected activity occurred between 2018 and 2022, the time-period in which Plaintiff was employed by WSF. However, the failure to rehire did not occur until July 2024. Thus, at best, the time-period between the protected activity and the retaliatory conduct was almost two years. As such, without more, Plaintiff has not sufficiently pleaded a "casual relation between the two events." *McMillian*, 634 F. App'x at 277. *See also Gilliam v. U.S. Dept. of Veterans Affs.*, 822 F. App'x 985, 990 (11th Cir. 2020) (three-month gap is not close enough); *Brown v. Alabama Dept. of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010) (same); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (same).

Next, Plaintiff objects to the Magistrate Judge's Recommendation to dismiss his Title VII sex discrimination claim. To establish a prima facie case for failure to rehire based on sex, Plaintiff must show that "(1) [he is] a member of a protected class, (2) [he was] qualified for a position and applied for it, (3) [he was] not considered for the position despite [his] qualifications, and (4) equally or less qualified individuals outside of [his] protected class were considered or hired for the position." *Underwood v. Perry Cnty. Comm'n.*, 431 F.3d 788, 794 (11th Cir. 2005).

While Plaintiff is a member of a protected class (*Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 682 (1983) (holding that Title VII protects men as well as women), he has failed to provide sufficient factual allegations

3

showing the qualifications for the jobs for which he applied, whether he met those qualifications, or that there was a less qualified individual outside of his protected class that was hired for the position. The only thing Plaintiff has alleged is the conclusory allegation that WSF "denied rehire based on his sex while favoring similarly situated female applicants." (Doc. 19 at ¶ 24). This is not enough to plausibly state a Title VII sex discrimination claim and survive a motion to dismiss. *See Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 566 (11th Cir. 2010) (dismissing discrimination claim because complaint failed to allege facts suggesting that defendant treated others outside of plaintiff's protected class more favorably).

Third, Plaintiff objects to the Magistrate Judge's Recommendation to dismiss his ADA retaliation claim. The analysis of a retaliation claim under the ADA is the same as Title VII. *See Williams v. Motorola, Inc.*, 303 F.3d 1284, 1291–92 (11th Cir. 2002) ("first, the plaintiff engaged in statutorily protected conduct; second, the plaintiff suffered an adverse employment action; and finally, the adverse action was causally related to the protected expression." (quoting *Farley v. Nationwide Mutual Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999)). Plaintiff alleges that he "reported injury-related issues and requested reasonable accommodations under the ADA" and that his "denial of rehire in July 2024 was causally connected to [his] prior ADA-protected activity." (Doc. 19 at ¶¶ 26-27.) That protected activity occurred no later than 2022 when he was terminated.  However, for the same reasons as his Title VII retaliation claim—causation—Plaintiff's ADA retaliation claim fails as well.  That is, his ADA retaliation claim is premised on an event (failure to rehire) that is far too removed from the allegedly protected conduct to be actionable.

Fourth, Plaintiff objects to the Magistrate Judge's Recommendation to dismiss his RICO claim. To establish a civil RICO claim, Plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1309 (11th Cir.

4

2022) (quotation omitted). Further, because civil RICO claims are "essentially a certain breed of fraud claims, [they] must be pled with an increased level of specificity" under Federal Rule of Civil Procedure 9(b). *See Ambrosia Coal & Constr. Co. v. Page Morales*, 482 F.3d 1309, 1316–17 (11th Cir. 2007). To satisfy Rule 9(b), "RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Id.*

Here, Plaintiff alleges that "Defendant and its agents engaged in a pattern of racketeering activity including falsification of documents, wire fraud, and obstruction of administrative proceedings . . . between 2019 and 2025 through an enterprise intended to suppress evidence and retaliate against Plaintiff." (Doc. 19 at ¶¶ 29-30.) The bare allegations in the Amended Complaint not only fail to satisfy the heightened pleading standard set out in Rule 9(b), but also fail to allege a plausible civil RICO claim in its entirety. Because of this, as the Magistrate Judge concluded, Plaintiff's civil RICO claims under § 1962(c) are due to be dismissed.

Lastly, Plaintiff objects to the Magistrate Judge's Recommendation to dismiss his § 1983 claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (quotation omitted). Only in rare circumstances can a private party be reviewed as a state actor for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). There are "three distinct tests for determining whether a private party acted under color of state law:

5

(1) the public function test, (2) the state compulsion test, (3) the nexus/joint action test." *Wellington v. Royal Caribbean Cruises, Ltd.*, 511 Fed. App'x 974, 976 (11th Cir. 2013). Alternatively, "[a] private person who conspires with state officials acting under color of state law may be held liable for damages in a § 1983 action." *Kadivar v. Stone*, 804 F.2d 635, 637 (11th Cir. 1986). Here, Plaintiff has not pleaded any facts showing how WSF acted under color of state law or in conspiracy with state officials acting under color of state law. Therefore, he does not allege a plausible § 1983 claim under any of the applicable tests. Because of this, Plaintiff's § 1983 claim fails as well.

In the alternative, Plaintiff requests leave to file a second amended complaint. This request is denied. Plaintiff has already been afforded an opportunity to file an amended complaint, and he has done so. Yet, his amended complaint again fails to state a claim for the reasons discussed by the Magistrate Judge and as discussed in this order. The Court fails to see how another opportunity to amend will remedy the deficiencies, especially since Plaintiff fails to attach a copy of a proposed second amended complaint and since, for all practical purposes, he is attempting to revive time-barred claims.

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Objections (doc. 38) are **OVERRULED**;

(2) The Recommendation (doc. 36) of the Magistrate Judge is **AFFIRMED** and **ADOPTED**;

(3) Defendant's Motion to Dismiss (doc. 22) is **GRANTED**; and,

(4) This action is **DISMISSED** in its entirety.

**DONE** and **ORDERED** on this the 9th day of December 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE